IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREG HERNANDEZ, and DEANNE HERNANDEZ, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-19-915 |
| FORT BEND ISD *et al.*, | § § § | |
| Defendants. | § | |

**ORDER**

Henry Henderson has moved the court to sever him from this proceeding so that the dismissal of the claims against him "can become final." (Docket Entry No. 28 at 1–2); *see* FED. R. CIV. P. 21 ("[T]he court may . . . sever any claim against a party."). The plaintiffs are not opposed. The court denies Henderson's motion because Federal Rule Civil Procedure 54(b) provides the appropriate mechanism for making his dismissal final. *See, e.g.*, *Benton v. Hot Shot Express, Inc.*, No. 99-CV-1015, 2003 WL 22232007, at *1 (N.D. Tex. Sept. 25, 2003) ("The Court concludes that severance pursuant to Rule 21 is not appropriate at this time and that Rule 21 is not the proper procedure to make the grant of summary judgment a final judgment.").

Rule 54(b) states that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). To enter final judgment under Rule 54(b), a district court must make a few determinations. *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 539 (5th Cir. 1999) (citing *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980)). The court has to find that "it is dealing with a final judgment," meaning that "it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.*

(quoting *Curtiss*, 446 U.S. at 7). The court must also find no "just reason for delay," addressing the "judicial administrative interests as well as the equities involved." *Curtiss*, 446 U.S. at 8. Because of the interest in avoiding "piecemeal appeals," the district court needs to consider whether an "appellate court would have to decide the same issues more than once if there were subsequent appeals." *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988) (quoting *Curtiss*, 446 U.S. at 8). "Although Rule 54(b) requests should not be granted routinely, '[i]t is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal.'" *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 332 (5th Cir. 2002) (quoting *Curtiss*, 446 U.S. at 8).

Henderson must move for entry of final judgment under Rule 54(b), explaining the basis for the court to find that it is dealing with a final judgment; that there is no just reason for delay; and that an appellate court would not address the same issues more than once. The motion for entry of final judgment against Henderson must be filed no later than **July 15**, **2019**.

SIGNED on July 1, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge