IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREG HERNANDEZ, and | § | |
| DEANNE HERNANDEZ, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-915 |
| | § | |
| FORT BEND ISD *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

This sad case alleges a sexual assault of an intellectually disabled public middle-school student by another, on a school bus. Greg and Deanne Hernandez, individually and on their daughter's behalf, sued the Fort Bend Independent School District and Henry Henderson, the bus driver, among others. (Docket Entry No. 1-2 at 15–17). The defendants moved to dismiss, asserting governmental immunity and arguing that the amended complaint fails to allege facts that state plausible claims. (Docket Entry Nos. 9, 11). The court granted the motion to dismiss, with prejudice on some claims and without prejudice as to others. (Docket Entry No. 21). Henry Henderson has moved to certify the dismissal of the claims against him as a final judgment under Federal Rule of Civil Procedure 54(b). (Docket Entry No. 35). The plaintiffs are not opposed. For the reasons explained below, the court grants Henderson's motion.

"[T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). To enter a Rule 54(b) final judgment, a district court must find that "it is dealing with a final judgment," meaning that "it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Briargrove Shopping Ctr. Joint Venture v. Pilgrim*

*Enters., Inc.*, 170 F.3d 536, 539 (5th Cir. 1999) (citing *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980)). The court must also find no "just reason for delay," addressing the "judicial administrative interests as well as the equities involved." *Curtiss*, 446 U.S. at 8. The interest in avoiding "piecemeal appeals" requires the district court to consider whether an "appellate court would have to decide the same issues more than once if there were subsequent appeals." *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988) (quoting *Curtiss*, 446 U.S. at 8). "Although Rule 54(b) requests should not be granted routinely, '[i]t is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal.'" *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 332 (5th Cir. 2002) (quoting *Curtiss*, 446 U.S. at 8).

The original complaint asserted one claim against Henderson under 42 U.S.C. § 1983. (Docket Entry No. 1-2 at 25). In a May 2019 Memorandum and Opinion, the court dismissed that § 1983 claim, with prejudice, finding that Henderson was entitled to qualified immunity as a matter of law. (Docket Entry No. 21 at 15). Because the May 2019 Memorandum and Opinion dismissed the only claim against Henderson, with prejudice, "it is an ultimate disposition" of the claims against him. *Briargrove*, 170 F.3d at 539 (quotation omitted). The court finds that the judicial administrative interests and equities favor entering final judgment on this claim because the amended complaint raises no allegations or claims against Henderson, the plaintiffs have not opposed a final judgment, and, as a result, Henderson should not be saddled with the expense and uncertainty of remaining a defendant as the remaining parties and claims wind through the litigation process. (*See* Docket Entry No. 26). Lastly, the court finds that entering final judgment for Henderson does not risk piecemeal appeals because the factual and legal issues decided in any appeal from Henderson's dismissal would bind the court and parties in this litigation. *See West v.*

*Warden*, 869 F.3d 1289, 1294–95 (11th Cir. 2017) ("The law-of-the-case doctrine holds that findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." (emphasis and quotation omitted)); *United States v. Bazemore*, 839 F.3d 379, 385 (5th Cir. 2016) ("Under the law of the case doctrine, an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal." (quotation omitted)).

Henderson's motion for entry of final judgment is granted. (Docket Entry No. 35). Final judgment is separately entered.

SIGNED on July 24, 2019, at Houston, Texas.

                        Lee H. Rosenthal
                  Chief United States District Judge